IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE MOON, Inmate #B70215, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-562-WDS |
| ) | |
| A.J. SCHMID, B. GROANING, and ) | |
| TERRY L. McCANN, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.[1] The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts

---

[1] The Court notes that Plaintiff filed a number of motions to amend the complaint in this action. All of these motions, including exhibits attached thereto, were denied for failure to comply with the Federal Rules of Civil Procedure and the Court's local rules. Although Plaintiff was advised that he could, he never filed another amended complaint in compliance with these rules. As a result, the Court evaluates only the original complaint (Doc. 1) and the first supplement to the complaint (Doc. 5) in this screening order.

does not constitute an opinion as to their merit.  Plaintiff has divided his complaint into four counts; the Court uses Plaintiff's designation of these counts.

> **COUNT 1:**   Against unspecified defendants for violations of due process.
>
> **COUNT 2:**   Against Defendant Schmid for violations of due process.
>
> **COUNT 3:**   Against Defendant Schmid for violations of due process.
>
> **COUNT 4:**   Against Defendant Schmid for use of racially-biased language and against Defendants Schmid and Groaning for unconstitutional retaliation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

### COUNT 1

Plaintiff states that he authorized Pam Turner (not a defendant), an educational counselor, to obtain his college transcripts from an unspecified four-year university.  Plaintiff states that he refused to take placement testing for college courses in May 2004.  He took the tests and received

a score of 12.0 in 1995. He states that inmates scoring below 6.0 must attend Adult Basic Education. Inmates scoring 8.0 may enroll in college courses, and inmates scoring 10.0 may enroll in data processing courses. Plaintiff states that neither high school transcripts nor test scores are required when an inmate has transfer credits from a four-year university.

The Court believes that Plaintiff is attempting to state that because he had credits from a four-year university, and because he had taken the placement test in 1995, he should not have been required to take a test to get into the prison college program. At best, these facts state a claim that Plaintiff was denied due process.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Without a loss of a protected liberty or property interest, the Court will not go on to evaluate the process due. It is well settled that there is no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Consequently, Plaintiff has no valid due process claim. Accordingly, Count 1 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

### COUNT 2

Plaintiff states that Defendant Schmid's "flagrant and excessive" class cancellations have kept Plaintiff from earning good time credit, thus keeping him incarcerated longer than necessary. Plaintiff states that there was confusion as to when class was cancelled and that frequently inmates were told that class was cancelled, but it was not. Plaintiff also states there was a problem with

classroom assignments. According to Plaintiff, Defendant Schmid averaged only seven and one half sessions per month.

A loss of good time credit may state a due process claim. However, the proper method for challenging the revocation of good time credit is habeas corpus, not section 1983, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, Count 2 is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

## COUNT 3

Plaintiff states that on August 4, 2004, he received a library call pass for 8:30 A.M., the same time he had class. Plaintiff states that librarian LeAnn Pate (not a defendant) intentionally scheduled him for library time knowing that he had class and would have to choose between the two, because Plaintiff had filed a different civil action against her. Plaintiff also states that he overheard a phone conversation between Defendant Schmid and Pate in which Plaintiff believes Schmid and Pate conspired to keep him from the law library.

Plaintiff states that he received a disciplinary report from Defendant Schmid. He includes two disciplinary reports with the complaint, both signed by Schmid. The first, dated August 2, 2004, charges Plaintiff with failure to report to class on three dates. The second, dated August 4, 2004,

charges Plaintiff with insolence, unauthorized movement, and violation of rules, for attempting to leave class to go to the library, and then when denied permission to leave, throwing his books and pencil and bumping into another student. Plaintiff states under this count that Defendant Schmid was not a correctional officer and does not have the power to order Plaintiff to act. Plaintiff states that he did not receive the disciplinary report until four hours after the incident. He states that as a result of the disciplinary report, Plaintiff was put in segregation. According to Plaintiff, an inmate put in segregation forfeits all good time credit earned for school. He was also demoted to c-grade.

As best the Court can tell, Plaintiff is attempting to bring a due process claim regarding the disciplinary reports. As stated above, when a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly

small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for 3 months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Furthermore, Plaintiff claims that he was demoted to c-grade. However, this allegation does not present a viable constitutional claim. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997), and cases cited therein. Therefore, Plaintiff's due process claim is without merit.

Again, Plaintiff appears to argue that his placement in segregation caused him to forfeit all of his good time credit earned in school. As stated above, the proper method for challenging the revocation of good time credit is habeas corpus, not section 1983, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, Count 3 is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

### COUNT 4

Plaintiff states that the institutional grievance procedure is "a front" and that "true minority representation" does not exist. He states that Defendant Groaning lists himself as Asian, but "his full ethnic profile is questionable." Plaintiff states that during the adjustment committee hearing, the plaintiff gave a statement that Defendant Schmid's actions were racially motivated because he used "a slang dialect when quoting the Plaintiff." Plaintiff states that Defendant Groaning did not address this racial bias during the hearing. Finally, Plaintiff states that a disciplinary action restricting him from the law library for three months was taken against him "as payback" for filing a lawsuit against LeAnn Pate.

Plaintiff here appears to state three claims: first, that Defendant Schmid used racially-biased language when quoting the Plaintiff, second, that Defendant Groaning did not take this racial bias into account in making his disciplinary determination, and third, that the disciplinary action taken against him constituted improper retaliation.

*Racially-Biased Language*

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Based on these legal standards, Plaintiff has not stated a claim on the facts that Defendant Schmid used racially-biased language.

*Due Process*

As stated above, to state a due process claim, a Plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Without a loss of a protected liberty or property interest, the Court will not go on to evaluate the process an inmate received. The Court is unable to determine in which disciplinary action Plaintiff was restricted from law library access, however, Plaintiff does include as a supplement to the complaint a typed notice indicating that Plaintiff was on library restriction. Plaintiff points to no statute that grants him a liberty interest in access to the law library. The Illinois statute governing facilities requires only that each state correctional institution provide inmates with a law library. *See* 730 ILCS 5/3-7-2(a). It does not create any requirements for access. The Court of Appeals for the Ninth Circuit recently determined that a similar California statute did not create a liberty interest in access to the law library. *See Myron v. Terhune*, No. 04-15770, 2006 WL 2242352, at *3 (9th Cir., August 7, 2006). Without a liberty interest, Plaintiff has failed to state a due process claim.

*Retaliation*

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on these legal standards, and Plaintiff's allegations, this claim cannot be dismissed at this point in the litigation.

Accordingly, Plaintiff may proceed on his retaliation claim against Defendants Schmid and Groaning in Count 4. All other claims in Count 4 are **DISMISSED** from the action.

### DEFENDANTS

A word about defendants is in order. Plaintiff also lists Terry L. McCann as a defendant in the caption of his complaint. However, the statement of claim does not include any allegations against this defendant. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly, Terry L. McCann is **DISMISSED** as a defendant from the action.

### DISPOSITION

Plaintiff is allowed to proceed against Defendants Schmid and Groaning on the retaliation claim in Count 4. Counts 1, 2, and 3, and Defendant McCann are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Schmid and Groaning*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Schmid and Groaning* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 31, 2006**

                                        **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**